BRENDAN J. THORPE, Bar No. 137133
JOSHUA R. REYES, Bar No. 242432
THORPE AND THORPE, APC
601 West Fifth Street, Eighth Floor
Los Angeles, California 90071
(213) 680-9940
bjt@tandtlaw.com

Attorneys for GFF, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV09-06218** JFW (PJWx)

SURE FILL & SEAL, Inc., a Florida corporation, and MICHAEL VACLAV DANIEK, an individual,
    Plaintiffs,

v.

GFF, INC., a California corporation,
    Defendant.

GFF, Inc., a California corporation,
    Cross-Complainant,

v.

SURE FILL & SEAL, Inc., a Florida corporation,
    Cross-Defendant.

CASE NO:  8:08-cv-00882-EAK-TWG
(M. D. Fla.)

Florida District Judge:
    Hon. E. A. Kovachevich

## NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA

Date:    September 21, 2009
Time:    1:30PM
Dept:    SPRING STREET, COURTROOM6
Judicial
Officer:    Judge Walter

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on August 25, 2009, Defendant and Cross-Complainant GFF, Inc., a California corporation ("GFF") moves the Court pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(i) to quash a subpoena issued by Plaintiff and Cross-Defendant SURE FILL & SEAL, Inc., a Florida corporation ("Plaintiff") for the deposition of the Man in a white

- 1 -

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

tee-shirt standing at 11:06 am with Mr. Perry in GFF's door in front of SF&S's car on July 23, 2009 at GFF, Inc., 145 Willow Avenue, City of Industry, CA 91746 ("Man in White"). Federal Rule of Civil Procedure 45(c)(3)(A)(i) provides that ''[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena that fails to allow a reasonable time to comply."

**1)** **Grounds for Relief**

The grounds for this motion are that pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(i) provides that ''[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena that fails to allow a reasonable time to comply." As explained in the attached Memorandum of Points and Authorities in support of this motion Plaintiff failed to provide adequate notice of the deposition in violation of the Court's orders and rules.

The proof of service attached to the Subpoena, Notice of Deposition and Notice for Production of Documents ("Documents") for Man in White is dated August 18, 2009. The Documents were served by US mail. The deposition is scheduled for August 26, 2009.

Pursuant to the M.D. Fla. Local Rules, Rule 3.02 and Federal Rule of Civil Procedure, Rule 6(d), Plaintiff is required to give 13 days' notice. Under this Court's Local Rules, there are no special circumstances which justify providing less than the suggested 14 day period. Taking into account Federal Rule of Civil Procedure, Rule 6(a)(2), Plaintiff only provided 6 days notice. Plaintiff's subpoena is thus defective in that it fails to allow a reasonable time for compliance under either standard.

**2)** **Record Supporting Motion**

This motion is based on this Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Brendan J. Thorpe, and the pleadings and papers on file in this action.

*///*

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

**3)** **Statement Regarding Prior Conference Of Counsel**

As of its first notification of any impending depositions, GFF has repeatedly attempted to confer with Plaintiff regarding the scheduling of such depositions.  Despite GFF's efforts, Plaintiff simply refuses to cooperate in any respect.

On or about August 19, 2009, GFF was served by email with a copy of Plaintiff's Subpoena, Notice of Deposition and Notice for Production of Documents for Man in White.  See Exhibit A attached to the Declaration of Brendan J. Thorpe filed in support of this motion.

On or about August 21, 2009, I sent an email to Mr. Kovarik notifying Plaintiff of several defects in their recently served subpoenas, including but not limited to Plaintiff's failure to provide adequate notice.  The email further asserts that GFF will file a motion to quash these subpoenas, but offers to reschedule and go forward with the depositions pursuant to a few conditions.  See Exhibit B attached to the Declaration of Brendan J. Thorpe filed in support of this motion.

On or about August 21, 2009, Mr. Kovarik sent me an email dismissing any defects in Plaintiff's subpoenas and refusing to cooperate in any efforts to reschedule the depositions.  See Exhibit C attached to the Declaration of Brendan J. Thorpe filed in support of this motion.

With such little notice of the proposed depositions, and Plaintiff's uncooperative and generally dismissive response, GFF was forced to bring this motion.

**4)** **GFF has Proper Standing to Bring this Motion**

"Defendants have standing to move to quash or modify the subpoena based on inadequate notice.  Not only do Defendants have a personal interest in receiving adequate notice of depositions, a party has standing to move to enforce the Court's orders and rules.  Cf., Central Bank of Tampa, 128 F.R.D. 285 (1989) (granting defendant's motion to quash and for a protective order as to subpoena directed to non-party that did not comply with Fed. R. Civ. P. 27);  SCHWARZER, TASHIMA & WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, P11:2286 (The Rutter Group 2005) ('Prior to the deposition, the nonparty witness, or any party may move: to quash the subpoena (e.g., for improper service, inadequate

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

description, or lack of control of the designated documents)…') (emphasis in original)." <u>Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.</u>, 231 F.R.D. 426, 428 (M.D. Fla. 2005).

Further, "[w]here it is clear beforehand that the subpoena sought confidential business information, it was an abuse of discretion to deny the motion to quash." <u>Micro Motion, Inc. v. Kane Steel Co.</u>, 894 F.2d 1318, 1328 (Fed. Cir. 1990).

Here, Exhibit A to the Notice for Production of Documents identifies several categories of information that is to serve as the subject of the deposition of Man in White. This information includes, but is not limited to:

> "information about the in line cup filling machine purchased by GFF, Inc. from Sure Fill & Seal, Inc., including but not limited to any modifications and/or redesign of the machine by GFF, Inc., installation and performance of the machine; discussions and/or communications between Sure Fill & Seal, Inc. and GFF, Inc. before, during and after the negotiation of the contract and purchase of the machine in question; and any other documents related to the machine speed, operation, installation and requests for warranty service or reports." See Exhibit G attached to the Deposition of Joshua R. Reyes.

This information clearly includes confidential business information regarding the operation and procedures of GFF. In fact, this is the same information that the Court previously determined is confidential upon issuing its March 18, 2009 protective order.

Accordingly, for all the reasons set forth above, GFF has sufficient standing to bring this motion to quash.

**5)     <u>Memorandum of Points and Authorities</u>**

"There is no absolute right to unlimited discovery." <u>Wilk v American Medical Asso.</u> (1979, ND Ill) 1979 U.S. Dist. LEXIS 12204, 5. "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena that fails to allow a reasonable time to comply." Fed Rule Civ. Proc., Rule 45(c)(3)(A)(i). Further, filing a motion to quash for failure to allow a reasonable time to comply is proper despite having notice of such a deposition

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

pursuant to an invalid subpoena previously received.  Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994).

     (a)     **The Court May Quash Plaintiff's Subpoena as it Fails to Allow a Reasonable Time for Compliance.**

In addressing a motion to quash Plaintiff's five issued subpoenas to various non-parties for depositions and production of records, the Court in Auto-Owners Ins. Co. held, "There is no fixed time limit for service of subpoenas under Fed. R. Civ. P. 45.  Local Rule 3.02(a), however, provides in relevant part that a party desiring to take the deposition 'of any person' must give at least 10 days written notice to every other party in the action and the deponent.  Pursuant to Fed. R. Civ. P. 6(a) and Local Rule 4.20, the ten days is calculated by excluding intermediate Saturdays, Sundays, and legal holidays.  Further, when notice is mailed, an additional 3 days is added to the original prescribed period.  Fed. R. Civ. P. 6(e) and Local Rule 4.20.  The Court may quash or modify a subpoena that fails to allow a reasonable time for compliance. Fed. R. Civ. P. 45(c)(3)(A)(i)."  Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 428 (M.D. Fla. 2005) (Fed. R. Civ. P. 6(e) was renumbered to Fed. R. Civ. P. 6(d); although M.D. Fla. Local Rule 4.20 was deleted, Fed. R. Civ. P. 6(a)(2) and Fed. R. Civ. P. 6(d) continue to apply).

In the Central District of California, "While there is no general rule as to what constitutes 'reasonable time,' Fed R Civ P 45(c)(2)(B) uses 14 days as a starting point in the sense that it requires objections to be filed in that period unless a response is demanded in a shorter period. While that does not provide an 'at least 14 day' production rule, it does underscore that counsel who seeks to obtain testimony in less than 14 days from service of the subpoena should be prepared to show that there are special circumstances that both demonstrate the need for accelerated witness appearance and explain why the requesting party did not serve its subpoena earlier.  Courts are often particularly sensitive to burden and inconvenience to third parties who have no direct stake in the outcome of the litigation."  3-23 MB Practice Guide: Fed Pretrial Civ Proc in CA 23.262.

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

1    The proof of service attached to the Documents for Man in White is dated August 18,

2  2009. The Documents were served by US mail. The deposition is scheduled for August 26,

3  2009.

4    Pursuant to the M.D. Fla. Local Rules, Rule 3.02 and Federal Rule of Civil Procedure,

5  Rule 6(d), Plaintiff is required to give 13 days' notice. Under this Court's Local Rules, there are

6  no special circumstances which justify providing less than the suggested 14 day period. Taking

7  into account Federal Rule of Civil Procedure, Rule 6(a)(2), Plaintiff only provided 6 days notice.

8  Plaintiff's subpoena is thus defective in that it fails to allow a reasonable time for compliance

9  under either standard.

10    GFF now respectfully asks the Court to quash Plaintiff's subpoena as Plaintiff has failed

11  to properly notice and serve the Documents.

13  Dated:   August 25, 2009

BRENDAN J. THORPE
JOSHUA R. REYES
THORPE AND THORPE, APC

By:   Brendan J. Thorpe
Trial Counsel for Defendant GFF, Inc., a
California corporation
Thorpe and Thorpe, APC
601 West 5th Street, 8th Floor
Los Angeles, California 90071
213-680-9940
213-680-4060 (facsimile)
bjt@tandtlaw.com

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

# DECLARATION OF BRENDAN J. THORPE

I, Brendan J. Thorpe, declare:

1) My name is Brendan J. Thorpe. I am over 18 years of age. I both reside and work in Los Angeles County, California. I am fully competent to make this Declaration and I have personal knowledge of the facts stated in this Declaration. To my knowledge, all of the facts stated in this Declaration are true and correct.

2) I am an attorney for Defendant GFF, Inc., a California corporation, in this matter. I make this Declaration in support of the Notice of Motion and Motion to Quash Subpoena.

3) On or about August 19, 2009, GFF was served by mail with a copy of Plaintiff's Subpoena, Notice of Deposition and Notice for Production of Documents for Man in White. A copy of the personally served documents are attached and incorporated herein as Exhibit A.

4) On or about August 21, 2009, I sent an email to Mr. Kovarik notifying Plaintiff of several defects in their recently served subpoenas, including but not limited to Plaintiff's failure to provide adequate notice. The email further asserts that GFF will file a motion to quash these subpoenas, but offers to reschedule and go forward with the depositions pursuant to a few conditions. A copy of that August 21, 2009 email is attached and incorporated herein as Exhibit B.

5) On or about August 21, 2009, Mr. Kovarik sent me an email dismissing any defects in Plaintiff's subpoenas and refusing to cooperate in any efforts to reschedule the depositions. A copy of that August 21, 2009 email is attached and incorporated herein as Exhibit C.


I declare under penalty of perjury that the foregoing Declaration is true and correct. I have executed this Declaration on August 25, 2009, at Los Angeles, California.

_____
BRENDAN J. THORPE

- 1 -

**DECLARATION OF BRENDAN J. THORPE**

## EXHIBIT A

**Subpoena, Notice of Deposition and**

**Notice for Production of Documents**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____ **DISTRICT OF**      CALIFORNIA

Sure Fill & Seal, Inc.

         V.

GFF, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  8:08-CV-00882-EAK(M.D. Fl.)

Man in a white tee-shirt standing at 11:06 am with Mr. Perry in GFF's door in front of SF&S's car on July 23, 2009 at GFF, Inc., 145 Willow Avenue, City of Industry, CA  91746.

TO: c/o Mr. Brendan J. Thorpe, Esq.
Thorpe & Thorpe, APC
601 West Fifth Street, 8th Floor
Los Angeles, CA  90071

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Premier Business Centers-Orange Tower 500 North State College, Suite 1100, Orange, CA  92868 | DATE AND TIME 8/26/2009 10:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents relied upon for the testimony at the time of the deposition including but not limited to information about the in line cap filling machine purchased by GFF, Inc. from Sure Fill & Seal, Inc., including but not limited to any modifications and/or redesign of the machine by GFF, Inc., installation and performance of the machine, discussions and/or communications between Sure Fill & Seal, Inc. and GFF, Inc. before, during and after the negotiation of the contract and purchase of the machine in question; and any other documents related to the machine speed, operation, installation and requests for warranty service or repairs.

| PLACE   Premier Business Centers-Orange Tower 500 North State College, Suite 1100, Orange, CA  92868 | DATE AND TIME 8/26/2009 10:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 08/18/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaromir Kovarik, Esq., Attorney for the Plaintiffs Sure Fill & Seal, Inc. and Michael Vaclav Daniek, ID no.  91314
412 Chestnut Street, Suite 100, Lebanon, PA  17042-6139 / (717) 272-6725

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SURE FILL & SEAL, Inc.,          :
a Florida corporation and        :
MICHAEL VACLAV DANIEK,           :
individually                     :
    Plaintiffs,                 :          Case No. 8:08-cv-00882-EAK
                                 :
    v.                          :
                                 :JUDGE: HON. E. A. KOVACHEVICH
GFF, Inc., a California corporation :
    Defendant.                  :
                                 :

Requesting Party:  SURE FILL & SEAL, INC., Plaintiff

Responding Party: Man in a white tee-shirt standing at 11:06 am with Mr. Perry in GFF's door in
      front of SF&S's car on July 23, 2009 at GFF, Inc., 145 Willow Avenue, City of Industry,
      CA  91746.
      c/o Mr. Brendan J. Thorpe, Esq.
      Thorpe & Thorpe, APC
      601 West Fifth Street, 8th Floor
      Los Angeles, CA  90071

Other Parties in Interest:  GFF, Inc., **Defendant**
      c/o Mr. Brendan J. Thorpe, Esq.
      Thorpe & Thorpe, APC
      601 West Fifth Street, 8th Floor
      Los Angeles, CA  90071

## NOTICE OF DEPOSITION
### AND
## NOTICE FOR PRODUCTION OF DOCUMENTS
*(To Non-Party)*

    PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil
Procedure, the Plaintiff intends to take the oral deposition of the man in a white tee-shirt standing
with Mr. Perry in GFF's door in front of SF&S's car on July 23, 2009 at GFF, Inc., 145 Willow
Avenue, City of Industry, CA  91746.  The Deposition will take place at Premier Business
Centers – Orange Tower located at 500 North State College, Suite 1100, in the city and state of
Orange, California, on the date of August 26, 2009 at 10:30 o'clock am and will be recorded by
way of video and audio recorder before a Certified Court Reporter or Deposition Officer

authorized to administer oaths and record the taking of such testimony. The deposition will continue from day to day until it is completed. You are invited to attend and cross- examine.

PURSUANT TO Rule 45 of the Federal Rules of Civil Procedure, the above named deponent the man in a white tee-shirt standing with Mr. Perry in the door when SF&S was leaving after attempting to inspect the machine on July 23, 2009 at GFF, Inc., 145 Willow Avenue, City of Industry, CA 91746., is to produce the documents, writings and records more particularly described in Exhibit "A" attached, in accordance with the Subpoena Duces Tecum that accompanies this Notice.

Date: Aug 18 2009

By: _____

Jaromir Kovarik, Esq.
ID #91314
KTHL Law Offices, P.C.
412 Chestnut Street, Suite 100
Lebanon, PA 17042
Tel   717-272-6725
Fax   717-272-9741
Attorney for Plaintiff

2

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned has this day served the party or parties named below with a copy of the preceding **NOTICE OF DEPOSITION AND NOTICE FOR PRODUCTION OF DOCUMENTS**, by depositing the same into the United States mail, in envelope(s) with proper postage affixed and addressed as is shown below, in accordance with Rule 5, Federal Rules of Civil Procedure and also by forwarding a copy to the recipients' electronic address.

This, the 18th day of July, 2009.

By: _Michelle R Roth_

Lebanon, Pennsylvania

TO: Man in a white tee-shirt standing with Mr. Perry in the door when SF&S was leaving after attempting to inspect the machine on July 23, 2009 at GFF, Inc., 145 Willow Avenue, City of Industry, CA 91746.
c/o Mr. Brendan J. Thorpe, Esq.
Thorpe & Thorpe, APC
601 West Fifth Street, 8th Floor
Los Angeles, CA 90071

Mr. Brendan J. Thorpe, Esq.
Thorpe & Thorpe, APC
601 West Fifth Street, 8th Floor
Los Angeles, CA 90071
bjt@tandtlaw.com

Mr. John H. Rains, III, Esq.
John H. Rains, III, P.A.
501 East Kennedy Blvd., Suite 750
Tampa, FL 33602
jrains@johnrains.com

3

## EXHIBIT A

Any and all documents relied upon for the testimony at the time of the deposition including but not limited to information about the in line cup filling machine purchased by GFF, Inc. from Sure Fill & Seal, Inc., including but not limited to any modifications and/or redesign of the machine by GFF, Inc., installation and performance of the machine; discussions and/or communications between Sure Fill & Seal, Inc. and GFF, Inc. before, during and after the negotiation of the contract and purchase of the machine in question; and any other documents related to the machine speed, operation, installation and requests for warranty service or reports.

**EXHIBIT B**

**Email from Brendan J. Thorpe to Jaromir Kovarik, Esq.**

**dated August 21, 2009**

**Joshua Reyes**

---

| | |
|---|---|
| **From:** | Brendan Thorpe |
| **Sent:** | Friday, August 21, 2009 7:42 AM |
| **To:** | Jaromir Kovarik; Joshua Reyes |
| **Cc:** | mcberry@berrylaw.com; michelle.roth@kthl.net; jrains@johnrains.com |
| **Subject:** | RE: Depositions |

Mr. Kovarik:

Late yesterday afternoon, we were served with new deposition subpoenas for all the deponents. While you did correct one of the many errors in the prior subpoenas – these are issued in the Central District of California rather than the Southern District, your prior subpoenas were not timely as to the production of documents, and of course, as they were issued in the wrong district, they were ineffective regardless.

The current subpoenas are also contain multiple defects. Perhaps the most glaring one is that they violate local rule 3.02 which requires at least 10 days notice for a deposition. You did not ask, and I did not agree to a shortened notice. Moreover, as you should know, under rules 30 and 34, where you demand documents, you need to give the responding party at least 30 days notice.

The current subpoenas do not provide adequate notice. GFF objects on that ground. We plan on filing motions to quash as these appear to be incurable defects.

As to the request to inspect the machine at issue, it appears that you want your client to do the inspection. Aside from the fact that your notice is not timely, having your client inspect the machine would defeat the whole purpose of the protective order.

In my view, our time and effort is better spent trying to resolve this case, not engaging in pointless disputes over discovery matters. Despite the fact that you have "withdrawn" your prior, unacceptable settlement offer, GFF has authorized us to propose a counter offer, which will be provided to you under separate cover.

Your conduct in this action appears consistent with your conduct in other actions in which your contentions and motions have been found meritless. Should you be inclined to deny that, I am including a copy of a recent article addressing your tactics in a recent lawsuit.

# Lawyer in sewer suit could face sanctions

Friday, February 27, 2009
BY BARBARA MILLER
**Of The Patriot-News**

An attorney whose lawsuit fighting a South Annville Twp. sewer project was dismissed as groundless by Commonwealth Court last year could face legal sanctions.

Jaromir Kovarik, attorney for Concerned Citizens of South Annville, was warned this week by Lebanon County Court Judge Samuel Kline that he would face sanctions if he files further actions in the case.

The township, its sewer authority and insurance company are seeking more than $68,000 in reimbursement of legal bills for lawsuits and pleadings Kovarik has filed, said Josele Cleary, the township solicitor. They are seeking reimbursement of legal fees for engineer Jeffrey Steckbeck.

Kline gave attorneys 60 days to file briefs, after which he will hold a hearing or render a decision.

Kovarik's attorney, Samuel Stretton of West Chester, said his client is accepting responsibility for his actions.

"I think his inexperience contributed to some of his problems," he said. "He is going to shoulder the burden himself."

Despite Kline's warnings against frivolous legal filings at a sanctions hearing in September 2008, the judge said Kovarik filed motions, including that for immunity, in advance of a hearing on Wednesday.

Kovarik claimed he should be immune under environmental law from penalties relating to the lawsuit. He said he doesn't think he should have to pay attorneys' fees, and said the residents "just tried to be part of governance in the township."

Updates & Breaking News from Central PA

# Lebanon County judge issues warning to attorney

**by BARBARA MILLER, Of The Patriot-News**

**Thursday February 26, 2009, 5:11 PM**

LEBANON -- An attorney whose lawsuit fighting a South Annville Township sewer project was dismissed as groundless by Commonwealth Court last year faces legal sanctions by Lebanon County Court Judge Samuel Kline.

Jaromir Kovarik, attorney for Concerned Citizens of South Annville, was warned that if he files any further legal action in the case, Kline will impose sanctions against him in addition to the reimbursement of legal fees that South Annville Township and its engineer are seeking.

South Annville Township, its sewer authority and insurance company is seeking more than $68,000 in reimbursement of legal bills for lawsuits and pleadings Kovarik has filed, said Josele Cleary, township solicitor, plus legal fees for engineer Jeffrey Steckbeck.

Kline gave attorneys 60 days to file briefs, after which he will hold a hearing or render a decision.

Kovarik's attorney, Samuel Stretton of West Chester, said his client is accepting responsibility for his actions. "I think his inexperience contributed to some of his problems," he said. "He is going to shoulder the burden himself."

Kline gave a stern warning to Kovarik and CCSA, saying that for egregious violations of court rules, there can be consequences. "Unfortunately, we are at that stage."

Despite Kline's warnings against what he called frivolous legal filings at an earlier sanctions hearing in September 2008, he said Kovarik filed motions, including that for immunity, in advance of Wednesday's hearing and subpoenaed more than 25 people. Those subpoenas were quashed by Kovarik's attorney.

Kovarik claimed he should be immune under environmental law from penalties relating to the lawsuit. He said he doesn't think he should have to pay attorneys' fees, and said the residents "just tried to be part of governance in the township."

Kovarik's lawsuit alleged, among other things, the township improperly sought financing for the sewer project, didn't properly investigate other options, and violated the Right to Know Act.


We will consider allowing the depositions to go forward, although not next week as I have a back problem which will put my out of commission for at least a week, if a few conditions can be met.  The depositions of GFF personnel must be at my office as my back problem restricts my travel.  No additional documents will be produced unless you can persuade my, with legal authority, as to why they should be produced.  nor will it allow plaintiff to inspect the machine.  Neither the inspection requests nor the document productions requests are timely.  If we reach agreement on inspection of the machine, it must be by  an expert witness who agrees not to share the design improvements invented by GFF with Sure Fill or its principals.

We are willing to discuss the matter with you, but your inappropriately short time frames make it difficult, as we were only served yesterday and we must file out motions by tomorrow.  Again, we are willing to meet and confer on these issues, but time is of the essence due to your late service of the subject notices.

In the meantime, we will be filing our motions to quash in an abundance of caution, unless you agree to a short extension of time to complete the already propounded discovery such as you proposed several weeks ago.  I suggest 45 days. No new discovery would be permitted under such a stipulation.


Brendan J. Thorpe, Esq.
Thorpe and Thorpe APC
601 W. 5th Street, 8th Floor
Los Angeles, CA  90071
Phone:  (213) 680-9940
Fax       (213) 680-4060

THE INFORMATION CONTAINED IN THIS E-MAIL IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS E-MAIL MAY BE AN ATTORNEY-CLIENT COMMUNICATION OR WORK-PRODUCT, OR MAY OTHERWISE CONTAIN PRIVILEGED OR CONFIDENTIAL MATERIAL AND AS SUCH, IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS E-MAIL IS NOT THE DESIGNATED AND INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS E-MAIL IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, USE OR COPYING IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE IT.


Brendan J. Thorpe, Esq.
Thorpe and Thorpe APC
601 W. 5th Street, 8th Floor
Los Angeles, CA  90071
Phone:  (213) 680-9940
Fax       (213) 680-4060

THE INFORMATION CONTAINED IN THIS E-MAIL IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS E-MAIL MAY BE AN ATTORNEY-CLIENT COMMUNICATION OR WORK-PRODUCT, OR MAY OTHERWISE CONTAIN PRIVILEGED OR CONFIDENTIAL MATERIAL AND AS SUCH, IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS E-MAIL IS NOT THE DESIGNATED AND INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED

**<u>EXHIBIT C</u>**

**Email from Jaromir Kovarik, Esq. to Brendan J. Thorpe**

**dated August 21, 2009**

**Joshua Reyes**

| | |
|---|---|
| **From:** | Jaromir Kovarik [Jaromir.Kovarik@kthl.net] |
| **Sent:** | Friday, August 21, 2009 10:56 AM |
| **To:** | Brendan Thorpe; Joshua Reyes |
| **Cc:** | mcberry@berrylaw.com; michelle.roth@kthl.net; jrains@johnrains.com |
| **Subject:** | RE: Depositions |
| | |
| **Importance:** | High |
| | |
| **Categories:** | Opposing Counsel |

Dear Mr. Thorpe:

Thank you for your response.  I am sorry you did not agree to my proposed resolution of the deposition issues. I am sure you will, however, agree that I have no other option but to file motions to compel, motions for protective orders and motions for sanctions in order to move this case forward.

I believe that all of the deponents had sufficient notice and that your objections to depositions and inspections are baseless, particularly in the light of the discovery cut-off date and GFF's continuous obdurate conduct.

As per my conduct in other actions, it is irrelevant to this matter; except, perhaps, as your possible attempt to intimidate me.  Such attempt, I believe is neither in your, nor in your client's best interest.  Perhaps monitoring further developments of the case you mention and my other cases might help you when advising your client on the fact that intimidation tactics will not work; at least not against me or my clients.

As per GFF's advertised settlement offer, please be advised that the settlement amount is increasing as I work on the case.  I am afraid that the number I have conveyed to you last time may already be obsolete. However, providing your offer is consistent with such, I am authorized and will be happy to let my clients know.

Please, advise whether GFF and its staff intends to appear for the noticed depositions and whether the inspection of the machine by Mr. Ramirez and I will be allowed. Please note! We have to confirm travel and deposition arrangements by 17:00 EST today.  I will have to assume that the deponents will appear and inspection will go forward as noticed despite your objection, unless advised by you timely otherwise.  Plaintiffs will be asking for costs and fees incurred by GFF's conduct.  Therefore, your timely response and conduct may limit such amounts considerably.  Plaintiffs have already appeared at scheduled deposition in California where your client failed to appear once and expect to be reimbursed for its costs and fees for such. I honestly do not believe to be in anybody interest to increase this amount.

I await a response from you before the close of business today (17:00 EST or 14:00 PST)

Thank you for your cooperation.


**Jaromir Kovarik, Esq.**

**KTHL**


**NY Office**

**14 Wall Street**, 20th Floor

**New York, NY 10005**

Tel: +1-212-618-1225

Toll Free: 1-866-KTHL-USA

Fax: +1-212-618-1226

jaromir.kovarik@kthl.net

http://www.kthl.net


**PA Office**

412 Chestnut Street, Suite 100

Lebanon,  PA  17042-6139

Tel: 717-272-6725

Fax: 717-272-9741


KTHL provides legal representation and consulting for your domestic and overseas projects and transactions. Our mission is to provide affordable "one stop shop" transactional services to businesses and individuals worldwide. We have offices in USA, Europe, China, Australia and New Zealand. Sustainability of your business and our global environment are KTHL's primary objectives.

Notice: This email transmission, including any attachments, may contain confidential information protected by the attorney-client or other privileges. Unauthorized use, distribution or copying is prohibited. If you received this email in error, please notify the sender by replying to this email or by calling KTHL and deleting the erroneous transmission from your computer.

 Save a tree. Don't print me.

---

**From:** Brendan Thorpe [mailto:bjt@tandtlaw.com]
**Sent:** Friday, August 21, 2009 10:42 AM
**To:** Jaromir Kovarik; Joshua Reyes
**Cc:** mcberry@berrylaw.com; michelle.roth@kthl.net; jrains@johnrains.com
**Subject:** RE: Depositions

Mr. Kovarik:

        Late yesterday afternoon, we were served with new deposition subpoenas for all the deponents.  While you did correct one of the many errors in the prior subpoenas – these are issued in the Central District of California rather than the Southern District, your prior subpoenas were not timely as to the production of documents, and of course, as they were issued in the wrong district, they were ineffective regardless.

        The current subpoenas are also contain multiple defects.  Perhaps the most glaring one is that they violate local rule 3.02 which requires at least 10 days notice for a deposition.  You did not ask, and I did not agree to a shortened

**CERTIFICATE OF SERVICE**

I, the undersigned, certify as follows:  I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above entitled cause.  My business address is 601 West 5th Street, 8th Floor, Los Angeles, California 90071.  On August 25, 2009, I served a true copy (copies) of the

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

**AND DECLARATION OF BRENDAN J. THORPE**

the original of which is affixed hereto, on the person (persons) hereinafter mentioned by depositing the same in the United States mail at Los Angeles, California, in a sealed envelope (envelopes) with first class postage thereon fully prepaid, addressed (respectively) as follows:

Jaromir Kovarik
KTHL Law Offices, P.C.,
412 Chestnut Street, Suite 100
Lebanon, PA  17042

Michael C. Berry, Sr.
33 Garden Avenue, Suite 190
Clearwater, FL  33755

Man in White Tee-Shirt
601 West 5th Street, 8th Floor
Los Angeles, CA 90071

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

Executed at Los Angeles, California, on the date hereinabove set forth in this Certificate.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
JOSHUA R. REYES

- 1 -

**CERTIFICATE OF SERVICE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 6218 JFW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>SURE FILL & SEAL, Inc., a Florida corporation, and MICHAEL VACLAV DANIEK, an individual, | DEFENDANTS<br>GFF, Inc., a California corporation, |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Jaromir Kovarik, KTHL Law Offices, P.C.,<br>412 Chestnut Street, Suite 100, Lebanon, PA 17042.<br>(866) 584-5872, Jaromir.Kovarik@kthl.net | Attorneys (If Known)<br>BRENDAN J. THORPE, THORPE AND THORPE, APC<br>601 West Fifth Street, Eighth Floor, Los Angeles, California 90071<br>(213) 680-9940, bjt@tandtlaw.com |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 80,878.29

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(a), Breach of Contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 449 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV09-06218**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pinellas County, Florida (Sure Fill) Virginia (Daniek) |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (GFF) | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pinellas County, Florida |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties.
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Brendan J Hoye_     Date  August 25, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |